IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA KASHETTA,<br>    Plaintiff | : | NO. 4:25-CV-01033 |
| | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | |
| EAST LYCOMING SCHOOL | : | |
| DISTRICT and MARK STAMM, | : | JURY TRIAL DEMANDED |
|     Defendants | : | |

## **COMPLAINT**

1. Plaintiff Jessica Kashetta is an adult individual who resides in Lycoming County, Pennsylvania.

2. Defendant East Lycoming School District (hereinafter the "District") is an educational agency and local government unit with a central office located at 349 Cemetery Street, Hughesville, Lycoming County, Pennsylvania.

3. Defendant, Mark Stamm, is an adult individual who, at all times relevant to this Complaint, has been the Superintendent of Schools for East Lycoming School District and is a policymaker for Defendant East Lycoming School District.

4. Stamm is being sued in his individual capacity and for his actions under color of state law.

5. This is an action to redress the deprivation, under color of statute, custom or usage of the rights, privileges, and immunities secured to the Plaintiff by the Constitution of the United States and 42 U.S.C. §1983.

6. Federal District Court has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. §1331 and 1367.

7. Venue lies in the Federal District Court for the Middle District of Pennsylvania

1

pursuant to the provisions of 28 U.S.C. §1391.

8. On or about September 17, 2024, Plaintiff was approved by the District as an elementary and secondary daily guest teacher and since October 8, 2024, Plaintiff has been employed by and worked for the District as an elementary school guest teacher, with an excellent performance record devoid of any discipline.

9. As part of her employment for the District as a guest teacher, Plaintiff had to join an app (Frontline Education) for teachers and guest teachers employed by the District to schedule absences and work days.

10. Plaintiff worked regularly, frequently, and successfully as a guest teacher within the District, almost completely at Ashkar Elementary.

11. Plaintiff had a seven-year-old child enrolled at Ashkar Elementary School who reported to Plaintiff dangerous, physically intimidating and unruly behavior from several students towards other classmates, including one targeting her in the Fall.

12. Plaintiff, as a private citizen and concerned parent, discussed these issues with her child's teacher at parent-teacher conferences and the teacher indicated that she would not report those concerns to her supervisors and that Plaintiff would have to approach the Principal of Ashkar Elementary School, Brittany Hipple, and Stamm with her concerns.

13. Plaintiff decided not to do so at that time.

14. On January 27, 2025, while on Plaintiff's own time and as a private citizen, Plaintiff's child informed her that "something really bad had happened" in school on that date, as a child had thrown multiple backpacks from her classmates in the room without any safety or disciplinary intervention from staff at the District, despite the danger to

students and teachers and the disruption of the educational environment.

15.  Plaintiff, as a private citizen and parent and on her own time on that date, called Brittany Hipple to report her concerns for the safety of children and the educational environment in the classroom and was brushed off and informed that nothing would be done.

16.  Plaintiff, as a private citizen and parent and on her own time, entered Ashkar the next morning and spoke with her daughter's teacher about her concerns for the safety of the children and educators in the classroom with the students engaging in dangerous, physically intimidating, and unruly behavior and her concerns for the educational and disciplinary environment for the children in the classroom, and was again told to speak with the Principal and Stamm and also that the teacher had advised the students to not bring anything nice to class since it could be damaged.

17.  On January 31, 2025, at approximately 11:53 am, as a private citizen and a parent on her own time and from her own email, Plaintiff emailed Stamm to express her concerns as a parent and a private citizen over the safety and educational issues posed by the dangerous, disruptive, and destructive behavior from other students in the room and elsewhere in the school, the destructive effect these conditions had on child welfare and education, and her concerns over how the teacher and principal had done nothing to address them or take them seriously over the significant history that the behavior had been ongoing.

18.  Approximately 30 minutes later, Plaintiff attempted to sign in on the app for teachers and guest teachers to schedule absences and work as a guest teacher for the District, and was unable to do so, having been blocked from the app by Defendants.

19. After several failed attempts to sign in very shortly after sending the email to Stamm, Plaintiff asked an administrative secretary of Defendant why she could not sign in and was told that she had been blocked from the app, however Plaintiff was reassured that her email would not be cause for being blocked and that Plaintiff was simply too needed for the email to cause trouble.

20. At approximately 1:38 pm, Stamm emailed Plaintiff back acknowledging receipt of her email expressing the concerns listed earlier in this Complaint.

21. As a result of being blocked from the Frontline Education app by Defendants, Plaintiff had numerous canceled full and half-day jobs which had already been scheduled in the app for February, March, April, and May, mostly, although not entirely, at Ashkar.

22. Eventually, Plaintiff's access to Frontline Education was restored, but all of the prior scheduled jobs had been canceled and could not be rebooked.

23. Additionally, after her email of January 31, 2025, Plaintiff, who had primarily worked at Ashkar Elementary School and vastly preferred to be able to work there, was no longer permitted by Defendants to be scheduled to work there and had to work solely at the high school.

24. As a result of Defendants' retaliation Plaintiff has suffered lost wages, loss of reputation and standing in the community, and mental and emotional distress.

## COUNT I

## PLAINTIFF V. MARK STAMM

## **FIRST AMENDMENT RETALIATION**

4

25. Paragraphs 1 through 24 are incorporated as if set forth in full.

26. At all times relevant, Defendants were acting under color of state law.

27. Plaintiff engaged in protected activity in that, as a private citizen and not pursuant to her official duties, she spoke publicly about matters of public concern regarding affairs of public interest, namely her belief in the importance of child and educator safety in the classroom and an appropriate educational environment for learning as indicated earlier in this Complaint.

28. Defendant knowingly and intentionally retaliated against Plaintiff for her protected speech by taking adverse actions against her, as indicated in this Complaint.

29. Plaintiff's protected speech was a substantial motivating factor in causing the Defendant's retaliatory actions.

30. Plaintiff has suffered damages and harm as indicated throughout this Complaint.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter Judgment in her favor against Mark Stamm, for compensatory damages together with costs and attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT II

### PLAINTIFF V. EAST LYCOMING SCHOOL DISTRICT

### FIRST AMENDMENT RETALIATION MONELL

31. Paragraphs 1 through 30 are incorporated as though set forth in full.

32. Mark Stamm is a policy maker for the District in matters related to the events

described in this Complaint, including but not limited to free speech on matters of public concern made by the parents of students, tax payers, and concerned citizens and the day to day operations of the District in matters related to the eligibility and employment of guest teachers for the District, the terms and conditions of the work of guest teachers, and the guest teachers' ability to use the Frontline Education app for scheduling for days of work for guest teachers.

33. The District adopted a policy, procedure, practice or custom wherein it would retaliate against employees for engaging in free speech by negatively impacting their pay, employment, and terms and conditions of employment as described in this Complaint.

34. The free speech of Plaintiff contained in this Complaint was a substantial or motivating factor in the District's retaliatory acts.

35. As a direct and proximate result of the District's unlawful retaliation against Plaintiff for the exercise of her free speech, Plaintiff has suffered damages including but not limited to lost wages, loss of reputation and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against the District for compensatory damages together with attorney fees, costs, and any such other relief as the Court deems just and appropriate.

Plaintiff respectfully requests this Honorable Court enter Judgment in her favor against Defendants, for damages together with costs and attorney's fees, and for any such other relief as the Court may deem appropriate.

**SCHEMERY ZICOLELLO**

By: s/*Joshua J. Cochran*
    Joshua J. Cochran
    ID No. 206807
    Attorney for Plaintiff
    333 Market Street
    Williamsport, PA 17701
    Phone: (570) 321-7554
    Email: josh@sz-law.com